1  Linda M. Dardarian (SBN 131001)
   ldardarian@gbdhlegal.com
2  Andrew P. Lee (SBN 245903)
   alee@gbdhlegal.com
3  Megan E. Ryan (SBN 264922)
   mryan@gbdhlegal.com
4  William C. Jhaveri-Weeks (SBN 289984)
   wjhaveriweeks@gbdhlegal.com
5  GOLDSTEIN, BORGEN, DARDARIAN & HO
   300 Lakeside Drive, Suite 1000
6  Oakland, CA  94612
   Tel:   (510) 763-9800
7  Fax:   (510) 835-1417

8  Michael R. Lozeau (SBN 142893)
   michael@lozeaudrury.com
9  Richard T. Drury (SBN 163559)
   richard@lozeaudrury.com
10 LOZEAU | DRURY LLP
   410 12th Street, Suite 250
11 Oakland, CA  94607
   Tel:   (510) 836-4200
12 Fax:   (510) 836-4205

13 Attorneys for Plaintiffs in *Balero v. Lumber Liquidators, Inc.*

14          **UNITED STATES DISTRICT COURT**

15    **NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

16

17 JOSEPH MICHAEL BALERO, MICHAEL          Case No.: 3:15-cv-01005-JST
   BALLERINI, AND LISA MILLER, on their
18 own behalf and on behalf of all others similarly   ~~[PROPOSED]~~ **INTERIM ORDER RE**
   situated,                                **PRESERVATION OF EVIDENCE**
19
            Plaintiffs,
20 vs.                                       Dept:   Courtroom 9, 19th Floor

21 LUMBER LIQUIDATORS, INC., a Delaware     Hon. Jon S. Tigar
   corporation, and DOES ONE through TEN
22 inclusive,

23          Defendants.

24

25

26

27

28

578317.1

FILED

MAY  - 8 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | | |
|---|---|---|
| 1 | MARIA CARMEN SMITH, on behalf of herself and all others similarly situated, | Case No.: 3:15-cv-01163-JST |
| 2 | | |
| 3 | Plaintiff, | |
| | vs. | |
| 4 | | |
| 5 | LUMBER LIQUIDATORS, INC., a Delaware Corporation, and LUMBER LIQUIDATORS HOLDINGS, INC. and DOES ONE through TEN | |
| 6 | inclusive, | |
| 7 | Defendants. | |
| 8 | RUSSELL A. EZOVSKI, DEVONNE BOWLING, and ROBERT SMITH, individually | Case No.: 3:15-cv-01074-JST |
| 9 | and on behalf of all others similarly situated, | |
| 10 | Plaintiffs, | |
| 11 | vs. | |
| 12 | LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER | |
| 13 | LIQUIDATORS LEASING, LLC, and LUMBER LIQUIDATORS SERVICES, LLC, | |
| 14 | | |
| 15 | Defendants. | |
| 16 | SHELLY CONTE, MARK REYES, DANIEL TACKTILL, on behalf of themselves, and all | Case No.: 3:15-cv-01012-JST |
| 17 | others similarly situated and the general public, | |
| 18 | Plaintiffs, | |
| 19 | vs. | |
| 20 | LUMBER LIQUIDATORS, INC., a Delaware Corporation LUMBER LIQUIDATORS | |
| 21 | HOLDINGS, INC., a Delaware Corporation, | |
| 22 | Defendants. | |
| | MARIA and ROMUALDO RONQUILLO wife and husband; ADRIANA and MARK SCOTTI, | Case No.: 3:15-cv-01209-JST |
| 23 | wife and husband; MONTY EARL, on behalf of | |
| 24 | themselves and all others similarly situated, | |
| 25 | Plaintiffs, | |
| 26 | vs. | |
| 27 | LUMBER LIQUIDATORS, INC., a Delaware corporation, | |
| 28 | Defendants. | |

578317.1

| | | |
|---|---|---|
| 1 | LIN DOSS, DEBORAH SAMPSON, DOUGLAS SAMPSON, SUSAN MCNUTT, DEREK | Case No.: 3:15-cv-01225-JST |
| 2 | BANKA, TABITHA MCHUGH, and GENEVA | |
| 3 | WARE, individually and on behalf of all others similarly situated, | |
| 4 | Plaintiffs, | |
| 5 | vs. | |
| 6 | LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS HOLDINGS, INC., LUMBER | |
| 7 | LIQUIDATORS LEASING, LLC, and LUMBER LIQUIDATORS SERVICES, LLC, | |
| 8 | Defendants. | |
| 9 | PATTY IRVING, an individual, and STACY HAHLEN, an individual, on behalf of themselves | Case No.: 3:15-cv-01235-JST |
| 10 | and all others similarly situated, | |
| 11 | Plaintiffs, | |
| 12 | vs. | |
| 13 | LUMBER LIQUIDATORS, INC., a Delaware corporation, and DOES 1 through 100, | |
| 14 | Defendants. | |
| 15 | JOSEPH A. DEL BRACCIO, individually and on behalf of all others similarly situated, | Case No.: 3:15-cv-01249-JST |
| 16 | | |
| 17 | Plaintiff, | |
| 18 | vs. | |
| 19 | LUMBER LIQUIDATORS, INC., a Delaware corporation, | |
| 20 | Defendants. | |
| 21 | SALIL PRASAD, on behalf of himself and all others similarly situated, | Case No.: 3:15-cv-01315-JST |
| 22 | | |
| 23 | Plaintiff, | |
| 24 | vs. | |
| 25 | LUMBER LIQUIDATORS, INC., a Delaware Corporation, LUMBER LIQUIDATORS | |
| 26 | LEASING, LLC, a Delaware Corporation, LUMBER LIQUIDATORS HOLDINGS, INC., | |
| 27 | a Delaware Corporation, LUMBER LIQUIDATORS SERVICES, LLC, a Delaware | |
| 28 | Limited Liability Company, | |
| | Defendants. | |

578317.1

|  |  |  |
|---|---|---|
| 1 | KAREN PESCE, individually and on behalf of all others similarly situated, | Case No.: 3:15-cv-01321-JST |
| 2 |  |  |
| 3 | Plaintiff, |  |
| 4 | vs. |  |
| 5 | LUMBER LIQUIDATORS, INC., a Delaware corporation, |  |
| 6 | Defendants. |  |
| 7 | JOSHUA BERG, ELIZABETH DAVIS-BERG, JUDY HAPPE HUMES, SHERRY KISIELIUS, | Case No.: 3:15-cv-01359-JST |
| 8 | THERESA LABREE, BRANDON MCDONALD, SHARI ORLAND, CARRIE SCHAFER, CINDY |  |
| 9 | TERRAZAS, and MICHAEL ZEBLEY, individually and on behalf of all others similarly |  |
| 10 | situated, |  |
| 11 | Plaintiffs, |  |
| 12 | vs. |  |
| 13 | LUMBER LIQUIDATORS, INC., a Delaware corporation and LUMBER LIQUIDATORS |  |
| 14 | HOLDINGS, INC., a Delaware Corporation, |  |
| 15 | Defendants. |  |
| 16 | BRUCE GUEST, on behalf of himself and all others similarly situated, | Case No.: 3:15-cv-01363-JST |
| 17 |  |  |
| 18 | Plaintiff, |  |
| 19 | vs. |  |
| 20 | LUMBER LIQUIDATORS, INC.; LUMBER LIQUIDATORS LEASING, LLC; LUMBER |  |
| 21 | LIQUIDATORS HOLDINGS, INC.; and LUMBER LIQUIDATORS SERVICES, LLC, |  |
| 22 | Defendants. |  |
| 23 | WILBUR JEFFRIES, | Case No. 15-cv-01490-JST |
| 24 | Plaintiff, |  |
| 25 | vs. |  |
| 26 | LUMBER LIQUIDATORS, HOLDINGS, INC. ET AL., |  |
| 27 |  |  |
| 28 | Defendants. |  |

578317.1

| | |
|---|---|
| 1 | JAMES SILVERTHORN, individually and on behalf of all others similarly situated, | Case No. 4:15-cv-01428-JST |
| 2 | |
| 3 |     Plaintiff, |
| | vs. |
| 4 | LUMBER LIQUIDATORS, INC., LUMBER LIQUIDATORS LEASING, LLC, LUMBER |
| 5 | LIQUIDATORS HOLDINGS, INC., LUMBER LIQUIDATORS SERVICES, LLC |

1  JAMES SILVERTHORN, individually and on  Case No. 4:15-cv-01428-JST
   behalf of all others similarly situated,
2
3       Plaintiff,
   vs.
4  LUMBER LIQUIDATORS, INC., LUMBER
   LIQUIDATORS LEASING, LLC, LUMBER
5  LIQUIDATORS HOLDINGS, INC., LUMBER
   LIQUIDATORS SERVICES, LLC
6
7       Defendants.

8  PETER PICARD and SHERRY LIGGINS,  Case No. 3:15-cv-01460-JST
   individually and on behalf of all others similarly
9  situated,

10      Plaintiffs,
   vs.
11 LUMBER LIQUIDATORS, INC., LUMBER
   LIQUIDATORS HOLDINGS, INC., LUMBER
12 LIQUIDATORS LEASING, LLC, LUMBER
   LIQUIDATORS SERVICES, LLC
13
14      Defendants.

15 LILA WASHINGTON, LAURA  Case No. 5:15-cv-01475-JST
   WASHINGTON, RYAN and KRISTIN
16 BRANDT, KENNETH and CASANDRA
   BARRETT, on behalf of themselves and all others
17 similarly situated,

18      Plaintiffs,
   vs.
19 LUMBER LIQUIDATORS, INC., a Delaware
20 corporation,

21      Defendant.

22 ERIC HALL, individually and on behalf of all  Case No. 3:15-cv-01558-JST
   others similarly situated,
23
24      Plaintiffs,
   vs.
25 LUMBER LIQUIDATORS, INC., LUMBER
   LIQUIDATORS HOLDINGS, INC., LUMBER
26 LIQUIDATORS LEASING, LLC, LUMBER
   LIQUIDATORS SERVICES, LLC, and
27 LUMBER LIQUIDATORS PRODUCTION,
   LLC,
28
        Defendants.

[PROPOSED] INTERIM ORDER RE PRESERVATION OF EVIDENCE – CASE NO. 3:15-CV-01005-JST AND RELATED CASES

| | |
|---|---|
| 1 | VALERIE CHAVEZ, ANTHONY CHAVEZ, JEWELIA CHAVEZ, by and through her |
| 2 | Guardian ad Litem, Valerie Chavez, individually and on behalf of all others similarly situated, |
| 3 | |
| 4 | Plaintiffs, |
| | vs. |
| 5 | LUMBER LIQUIDATORS, INC., a Delaware |
| 6 | corporation, and DOES ONE through TEN, inclusive, |
| 7 | Defendants. |

Case No. 3:15-cv-01887-JST

1    Plaintiffs in the above cases have submitted a proposed Interim Order for Preservation of

2 Evidence to preserve evidence relevant to these related actions, which the Court now adopts as set

3 forth herein (the "Order").  Plaintiffs and Defendant Lumber Liquidators, Inc. (collectively, the

4 "Parties") have discussed their preservation obligations and needs and have agreed that preservation of

5 potentially relevant evidence, including electronically stored information (ESI), will be reasonable and

6 proportionate.  This Order relates to document preservation including ESI, and samples as discussed

7 herein and does not address the relevancy, discoverability, or admissibility of any evidence.  Lumber

8 Liquidators has not waived its position that these related cases should be transferred to the Eastern

9 District of Virginia and that the terms of this Order may have to be revised in the event that the more

10 than 90 cases now pending before the Judicial Panel on Multidistrict Litigation are centralized and

11 transferred to a single district and judge.  The Parties will continue to meet and confer as the case

12 progresses and the Parties learn more about the scope of discovery or the nature of Lumber

13 Liquidators' document storage systems, and any Party shall be free to seek amendment of this Interim

14 Order.

15    One purpose of the present Order is to maintain the status quo until such time as the Judicial

16 Panel on Multidistrict Litigation either selects a transferee court or denies the pending motion to

17 coordinate.  This Court, or a transferee court, may hereafter modify any term of this Order, including

18 the terms regarding the temporal or subject matter scope of Lumber Liquidators' or its agents'

19 obligation to maintain documents or information.  Also, the terms of this Order regarding temporal and

20 subject matter scope are intended to govern evidence preservation only, and do not constitute findings

21 by the Court regarding any party or entity's obligation to produce documents in response to a future

22 discovery request in this proceeding.

23    To reduce the costs and burdens of preservation and to ensure proper evidence is preserved, the

24 Parties are ordered:

25    1.    To preserve all documents, electronically stored information, and tangible things[1] that

26    _____

27    [1] As defined by Fed. R. Civ. P. 34.

28

1   contain information relevant to the related actions including information relating to Lumber

2   Liquidators' indoor air quality testing program, such as protocols, communications, customer service

3   logs and recordings, and test results.  This Order incorporates by reference the preservation duties set

4   forth in Section 40.25 ¶ 3 of the Manual for Complex Litigation, Fourth.

5          2.      That the relevant time period for these actions for preservation purposes only is, as a

6   general matter, January 1, 2009 through the present day.  The Parties will preserve documents that are

7   relevant to activities implicated by these related actions during that time period.  To the extent that

8   relevant documents pre-dating that period exist, the Parties are obligated to identify and preserve those

9   documents.

10         3.      That documents and ESI will be preserved for the following types of custodians:

11                 a.      Named plaintiffs.

12                 b.      Lumber Liquidators' employees or agents who are likely to have relevant

13  information, such as marketing personnel, regulatory compliance personnel, scientific or engineering

14  personnel, sales and finance personnel, and customer service or warranty personnel.

15                 c.      Manufacturing facilities, distributors, shippers, or any other party involved in

16  the manufacturing, testing (for formaldehyde emissions), or shipping of the laminated flooring at issue

17  to the extent said documents or ESI are within the possession, custody or control of Lumber

18  Liquidators.  To the extent that Lumber Liquidators has control over such entities and can require them

19  to preserve said evidence, Lumber Liquidators is hereby ordered to do so, and shall be responsible for

20  their compliance.  In addition, to the extent that such entities are not within its control, Lumber

21  Liquidators agrees to promptly request preservation of said documents or ESI.  Within seven days of

22  entry of this Order, Lumber Liquidators shall provide to all third parties likely to possess relevant

23  evidence, whether they are under Lumber Liquidators' control or not, a written communication

24  containing the language set forth in Exhibit A hereto.  For entities located in China, Lumber

25  Liquidators shall provide the Notice in English and Chinese.

26         4.      To preserve the flooring at issue as follows:

27                 a.      Lumber Liquidators will preserve and not destroy until plaintiffs' experts have

28  had a reasonable opportunity to inspect or test, any Chinese-made laminated flooring that is the subject

2

1  of any warranty claim against Lumber Liquidators. This does not mean that Lumber Liquidators may

2  not sell its products.

3          b.    Lumber Liquidators will preserve and not destroy until plaintiffs' experts have

4  had a reasonable opportunity to inspect or test, any exemplars or samples that were provided to

5  Lumber Liquidators by any Chinese manufacturer of the laminated flooring at issue.

6          c.    Lumber Liquidators will preserve and not destroy until plaintiffs' experts have

7  had a reasonable opportunity to inspect or test, any laminated flooring manufactured in China that is

8  currently warehoused or stored by Lumber Liquidators.  This does not mean that Lumber Liquidators

9  may not sell its products.

10          d.    From the date that the Court signs this Order, named plaintiffs will not remove

11  or replace their Lumber Liquidators' flooring without preserving samples of the flooring that they have

12  removed or replaced.

13          e.    The parties shall meet and confer regarding an acceptable protocol on the

14  storage of any preserved samples or flooring.

15      5.    The parties recognize that some data sources may not be reasonably accessible because

16  of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be

17  preserved, but not searched, reviewed, or produced.  Lumber Liquidators will have the burden to

18  establish a data source as not reasonably accessible.  The Parties will meet and confer at a later date to

19  discuss whether such data sources exist.  The plaintiffs do not waive any right to dispute the

20  inaccessibility of the data or to argue that no cost shifting should occur even if the data is deemed to be

21  not reasonably accessible.

23  **IT IS SO ORDERED.**

24  Dated: _May 8, 2015_

25

26  Honorable Jon S. Tigar

27

28

[PROPOSED] INTERIM ORDER RE PRESERVATION OF EVIDENCE – CASE NO. 3:15-CV-01005-JST AND RELATED CASES

578317.1

**EXHIBIT A**

**Notice Re: Need to Preserve Evidence Relevant to Formaldehyde Use/Testing in Lumber Liquidators' Laminate Flooring Products Originating in China**

On [*date*], Lumber Liquidators, Inc. ("Lumber Liquidators") was ordered by a judge of the United States District Court for the Northern District of California to **preserve evidence of any kind (including electronic documents, such as e-mails)** that may be relevant to lawsuits pending against Lumber Liquidators, including *Balero et al. v. Lumber Liquidators, Inc.*, 3:15-cv-01005-JST (N.D. Cal.) and a number of related cases. The lawsuits allege that Lumber Liquidators sells **laminated wood flooring products** in the United States that emit **formaldehyde** at levels exceeding the limits set by the California Air Resources Board ("CARB"). Specifically, the claims in the lawsuits apply to laminate flooring products made with **medium density fiberboard ("MDF") produced in China**. The lawsuits also allege that Lumber Liquidators falsely advertises all of its Chinese-manufactured laminated flooring products as compliant with CARB's regulations, and that Lumber Liquidators is liable for fraud, negligence, breach of contract, breach of warranty, and other alleged violations of law. Lumber Liquidators strongly disputes these allegations, nonetheless, the law obligates Lumber Liquidators to preserve evidence that may be relevant to this litigation; therefore, in addition to requiring its agents, employees, and others under its control to preserve relevant evidence, Lumber Liquidators is also asking third parties to preserve documents in accordance with this notice.

The types of documents, data and tangible things ("evidence") that Lumber Liquidators has been ordered to preserve include, but are not limited to, the following:

- Evidence related to the sourcing, manufacture, and sale of Chinese-made MDF used in laminated flooring products offered for sale by Lumber Liquidators, including financial records and documents showing the specifications and manufacturing process of such MDF.

- Documents and other evidence related to any tests of formaldehyde emissions from any products or components of products containing Chinese-made MDF used in laminated flooring products offered for sale by Lumber Liquidators, including communications with Lumber Liquidators employees or agents concerning testing of formaldehyde emissions.

- Documents related to compliance with CARB's formaldehyde emissions as it relates to MDF used in products manufactured for, distributed to, sold to, or sold by Lumber Liquidators, including any related communications with Lumber Liquidators employees or agents. This includes, but is not limited to, documents related to the preparations made by or on behalf of Lumber Liquidators to meet the CARB formaldehyde emissions standards as those standards apply to Chinese-made laminated flooring products.

- Documents related to Lumber Liquidators' quality assurance measures, quality control measures, site inspections, or any other oversight by Lumber Liquidators, or it agents with respect to any facilities used to produce or test MDF laminated flooring products made in China.

- Documents and other evidence related to Lumber Liquidators' indoor air quality testing program. Relevant information includes, but is not limited to, communications with customers, communications with Lumber Liquidators (including its attorneys, consultants, and agents), communications with other laboratories, consultants, or entities, test results, samples, log records, and lab analyses.

The Court's Order extends to documents dating back to January 1, 2009, or earlier if the documents pertain to important issues in the lawsuits, such as Lumber Liquidators' preparation for the implementation of the CARB regulations governing formaldehyde emission levels from flooring made with MDF.

**Until further notice,** you, your employees, your agents, and any other individuals or entities within your control **must preserve** any and all documents, data, and tangible things in your possession, custody or control that contain information that may be relevant to the lawsuits, as described above.

"Documents, data, and tangible things" is to be interpreted broadly to include: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video; phonographic tape; or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

1       "Preservation" is to be interpreted broadly to accomplish the goal of maintaining the integrity

2   of all documents, data, and tangible things reasonably anticipated to be relevant to the above-

3   mentioned lawsuits.  Preservation includes taking reasonable steps to prevent the partial or full

4   destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or

5   mutation of such material, as well as negligent or intentional handling that would make material

6   incomplete or inaccessible.  If your business practices involve the routine destruction, recycling,

7   relocation, or mutation of such materials, you must, to the extent practicable for the pendency of the

8   related cases, either halt such business processes, sequester or remove such material from the business

9   process, or arrange for the preservation of complete and accurate duplicates or copies of such material,

10  suitable for later discovery if requested.

11      Thank you for your cooperation.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] INTERIM ORDER RE PRESERVATION OF EVIDENCE -- CASE NO. 3:15-CV-01005-JST AND RELATED CASES

578317.1